**People of the State of Illinois, Plaintiff-Appellee, v. Frederick A. Ackerman, Defendant-Appellant.**

**Gen. No. 49,603.**

First District, Second Division.

September 29, 1964.

Julius Lucius Echeles, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Robert K. Kelty, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

The defendant appeals from a judgment convicting him of contempt of court and sentencing him to serve a term of 10 days in the County Jail. The proceeding was initiated by the filing of a petition by the State's Attorney. A motion of the defendant to strike the petition was denied and he answered. The defendant does not bring the report of proceedings to this court. We assume that the omitted part of the record sustains the finding.

The defendant, then a practicing lawyer, represented the estate of a minor and secured a settlement of $2,800 in connection with a claim for personal injuries

suffered by the minor. The defendant procured a court order authorizing the guardian to make certain expenditures from the estate. The defendant did not make the expenditures but used the $2,800 for his own purposes. The defendant goes outside the record in stating that he was indicted and convicted in the Criminal Court of Cook County on the basis of the matters charged against him in the contempt proceeding. In his brief he states that he is presently serving a term of 5 years probation and that on his motion his name was stricken from the roll of attorneys. Defendant says that he is being "punished twice for the same offense in violation of the Constitution." The record does not show that the defendant is being punished twice for the same offense. The record before us does not contain any part of the record in the criminal case.

The defendant says that the stolen money was paid to the estate. It is elementary that one who steals money from another does not exculpate himself from the criminal consequences by returning the money. He was found guilty of contempt for the totality of his conduct in which he flagrantly disregarded the orders of the Court and attempted to bring the administration of justice into disrepute.

Under the facts in this record it is immaterial whether the contempt is called civil or criminal. The facts justify the order and sentence. Therefore the judgment is affirmed.

Judgment affirmed.

FRIEND and BRYANT, JJ., concur.